## In re HENRY WOOD SONS CO.

(District Court, D. Massachusetts. March 23, 1922.)

No. 28529.

**Bankruptcy ⊜228—Order of referee reviewable only on petition of party interested.**

A bankrupt corporation, which is hopelessly insolvent, has no interest in an order of the referee allowing counsel fees to the receiver and referee, which entitles it to a review of the same.

In Bankruptcy. In the matter of the Henry Wood Sons Company, bankrupt. On petition of bankrupt for review of order of referee. Dismissed.

W. Edwin Ulmer, of Boston, Mass., for bankrupt.
Clarence A. Barnes, of Boston, Mass., for trustee.

MORTON, District Judge. This is a review of an order of the referee making an allowance for counsel fees in a bankrupt estate. The counsel to whom the allowance was made is content with it and no creditor opposes it. The present review is taken by the bankrupt itself.

The first question is whether the bankrupt has a standing to prosecute such a proceeding. An appeal can be taken only by a party who has a direct interest in the decision appealed from. Whether he has such an interest is a question of fact. Morey v. Sohier, 63 N. H. 507, 513, 3 Atl. 636, 56 Am. Rep. 538. Review proceedings in bankruptcy are provided in Bankruptcy Act, § 39a (5), section 2(10), being Comp. St. §§ 9623, 9586, and General Order XXVII (89 Fed. xi, 32 C. C. A. xxvii). The point under discussion is within the scope of the general order just referred to. While that order does not in express terms limit the right of review to parties having an appealable interest in the subject-matter of the petition for review, it has been so understood and construed. Foreman v. Burleigh, 109 Fed. 313, 48 C. C. A. 376 (1st Cir.); In re Lewensohn, 121 Fed. 538, 57 C. C. A. 600 (2d Cir.); In re Mexico Hardware Co. (D. C.) 197 Fed. 650, reviewing decisions.

The bankrupt is hopelessly insolvent. Its counsel stated at the hearing on this matter that it would pay only a small percentage, if anything, on the unsecured claims against it. Upon adjudication it became "civiliter mortuus" (Chase, C. J., Herndon v. Howard, 9 Wall. 664, 19 L. Ed. 809), and thereafter had no further interest in its property or estate. It could not even prosecute an appeal from a pending case to which it was a party. Knox v. Exchange Bank, 12 Wall. 379, 381, 20 L. Ed. 414. The amount allowed to counsel for the receiver and trustee makes no pecuniary difference to the bankrupt, and it has no pecuniary interest therein. For this reason the order must be:

Petition dismissed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes