ALEJANDRO FRANCESCHI ET AL., Plaintiffs and Appellants, v. MARIO MERCADO & SONS, Defendants and Appellees.

No. 3934. Argued January 18, 1927.—Decided January 16, 1928.

*R. Cuevas Zequeira, Frank Antonsanti, Ricardo Gómez* and *R. Arjona Siaca* for the appellants. *Alberto* and *José A. Poventud* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

Previous to the 8th of June, 1885, there existed in Guayanilla the mercantile firm of Antonsanti & Franceschi. On that date the firm entered the proper court to declare itself bankrupt. On the 12th of June, 1885, an adjudication of bankruptcy was made and a referee and receiver named. The members of the said firm were J. Angel Franceschi and Francisco Antonsanti. This suit was presented by all the heirs together of each of said partners. After various preliminary steps, including an answer and a trial, the District Court of Ponce rendered judgment for the defendants.

Previously, while the bankruptcy suit was in the same condition that it had been in for years, all the heirs of the said two partners filed a suit similar in its nature to the present one. The Supreme Court of Porto Rico and the Circuit Court of Appeals have each passed upon the said suit and have held in favor of the defendants. A review of the case is to be found under the title of *Franceschi et al.* v. *Trujillo & Mercado,* 26 P.R.R. 436.

This court in that case reviewed the facts by which the property Rufina, formerly belonging to the bankrupt firm, came into the hands of the defendants. The heirs of a mortgage creditor had begun proceedings to enforce the mortgage. They made the receiver in the bankruptcy proceeding the party defendant. The heirs of the bankrupt firm among other attacks had impugned the mortgage proceeding on the ground that the receiver had no representation of the bankrupt firm and was therefore not the proper party defendant in the mortgage foreclosure suit. Thereupon the then defendants, who are in effect the present defendants, countered that the heirs of Antonsanti and Franceschi had no capacity to sue.

This court then reviewed the state of the law in regard to the abatement of bankruptcy proceedings and held that the said bankruptcy proceedings had not abated and hence that the then plaintiffs had no capacity to sue. The present appellants seem to think that we merely decided that they, the heirs of Antonsanti and Franceschi, had not taken the proper steps to abate the bankruptcy proceeding. We decided more. Inherent in our decision, and we think directly stated, was the proposition that the bankrupt was powerless to abate the suit or effect its rehabilitation unless various steps were taken, and among them the notification and chance to be heard of the creditors in the bankruptcy suit. We cited from 96 *Jur. Civ.* 822, to that effect. A bankruptcy proceeding sounds in terms of creditors. The plea of *res . adjudicata* was raised in the present suit.

Pursuant to an attempt to cause a rehabilitation the present plaintiffs on the 30th of December, 1918, obtained an order of the District Court of Ponce. We copy it from the amended complaint, as follows:

"In the District Court for the Judicial District of Ponce, Porto Rico—Year 1885—Civil—Bankruptcy of Antonsanti & Franceschi —Proceeding from the extinct Court of First Instance of Ponce, P. R.—ORDER—the clerk having advised this Court that the foregoing case, entitled Bankruptcy of Antonsanti & Franceschi, was filed in the year 1885 and that during the last 25 years no progress has been made in it, the Court hereby, and considering the Rule for the dismissal of civil cases in force in this District Court, approved July 21, 1917, sections 410, 411 and 412 of the Spanish Code of Civil Procedure relating to abatement of proceedings, and the case of Estate of Chavier v. Estate of Giráldez, decided by the Supreme Court of Porto Rico and reported in 15 P.R.R. 145, orders and decrees the dismissal of all proceedings in this case of bankruptcy."

We find nothing in this order to cause the rehabilitation of the former plaintiffs or to give them a standing before the courts that they did not have before. The proceeding was

entirely *ex parte*. The parties did not attempt to notify any former creditors, as we had held necessary, and the order may be considered entirely null and void. We may possibly have been wrong, but it was so adjudicated and is binding on the present plaintiffs. The former case is for this reason alone *res adjudicata*.

Furthermore, the order in terms only abated the proceeding. It was equivalent to a filing away of the bankruptcy proceeding. We hold that much more was necessary to discharge the bankrupts, and to give them a standing to sue for property that was *in custodia legis* by reason of the bankruptcy proceeding. In a bankruptcy action the filing away or attempted filing away of the proceeding does not rehabilitate the bankrupt.

It might also be suggested that the actuation of the court left the property *in gremio legis*. The bankrupts had no more rights to it than did the creditors.

We are not deciding that the receiver was not a proper party defendant in the original suit or anything to that effect. We are following the assumptions of the complaint. A little more strictly, we hold that the District Court of Ponce had no authority *ex parte* to issue the order it did.

We question likewise whether the heirs of the bankrupts had any standing in the bankruptcy suit and whether the bankrupt firm itself had any standing other than to ask for a discharge. It strikes us also that the attempt to rehabilitate the bankrupt is similar to the position of a defendant against whom a judgment has already been pronounced who moves to dismiss the action because execution has never issued. The adjudication of bankruptcy is equivalent to a judgment. *In Re McKee*, 214 Fed. 891.

Being in the nature of such a judgment the only thing that a bankrupt could abandon was his right to be discharged

or to be rehabilitated.   A bankruptcy proceeding is twofold. One part is the surrender of his assets to creditors.   The other is his rehabilitation.   Under circumstances like the present one until he is rehabilitated the bankrupt may be said to be *civiliter mortuus* and has no standing in any court. Sections 1035, 1036, 1168 and 1169 of the Code of Commerce of 1829 in force at the time of the petition in bankruptcy; *Herndon* v. *Howard*, 9 Wallace, 664; *Fisher* v. *Vose* (La.), 38 A. D. 243, 244; *In Re Henry Wood Sons Co.*, 279 Fed. 608.   By the order of December 30, 1918, if anything, the bankrupt firm was further away than ever from the possibility of rehabilitation or acquiring a civil status.   As we said in our previous decision, the heirs of the individual partners can acquire no rights that the bankrupt firm did not have.

The District Court of Ponce rendered an opinion in the present suit and we are inclined to agree with its main lines, including the fact that the firm of Antonsanti & Franceschi, independently of its individual members, was never rehabilitated.   The court below was perfectly right in saying that the legal situation had not varied.   We do not agree with the appellees that the United States Bankruptcy Act of 1898 deprived the District Court of Ponce of jurisdiction.

There was nothing in that act that changed the general rule that a statute is forward-looking and contemplates future actions.   We feel bound to hold that the Act of 1898 did not relate back to bankruptcies already declared, and to hold that the local courts were not deprived of jurisdiction already acquired.   The suspension of local procedure contained in the national acts refers only to future proceedings.

The appellees moved to dismiss the appeal.   With respect to a notice being served on a sub-secretary rather than on the secretary himself, we have the idea that is a sufficient compliance.   *Qui facit per alium, facit per se.*   The appellee's notification *prima facie* was in form.

Similarly, as there was only one judgment, there is jurisprudence to the effect that an appeal from the judgment sufficiently identifies it.

Although the other members of the court have a different opinion the writer has serious doubts whether this court properly acquired jurisdiction for another reason. The appeal notice, although signed by R. Arjona Siaca, "attorney for the plaintiffs," says: "The plaintiff (*demandante*) appeals from the judgment." There were fourteen or more plaintiffs and the one who is appealing is not identified. In a suit like this it could not be questioned that one appealing alone could not transfer the jurisdiction. In any event it is impossible from the notice itself to say which of the plaintiffs is appealing. Certainly the old firm of Antonsanti & Franceschi is not appealing, nor would the word "plaintiff" describe all of the succession, for there are two. In case of costs, say by the Circuit Court of Appeals, no one would know against whom to proceed. This very mistake tends to show that the appellants were thinking of events hopelessly relegated to the past.

Under these circumstances, although the writer inclines to the idea that jurisdiction was never properly transferred, he would be disposed to follow the plan that we traced in the case of *Succession of Igaravidez et al. v. Rubert Bros.,* 23 P.R.R. 272. We said at the close of the opinion: "In any event, if any doubt should arise of the granting or refusal of the motion to dismiss, we prefer to resolve such doubt by deciding the case on its merits, especially as such action leads to an affirmance of the judgment."

Being satisfied that our former decision is completely *res adjudicata* and for the other reasons outlined, the judgment should be affirmed.