## In re PRAMER.

### PRAMER v. SHARON STATE BANK et al.

No. 8038.

Circuit Court of Appeals, Seventh Circuit.

Dec. 9, 1942.

734

James J. McCauley, of Harvard, Ill., and Suel O. Arnold, of Milwaukee, Wis., for appellant.

Wm. A. Sheldon, of Elkhorn, Wis., for appellee.

Before EVANS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, entered March 20, 1942, confirming an order of a conciliation commissioner in a proceeding under Section 75 of the Bankruptcy Act, section 203, title 11, U.S.C.A. The allowance of a large number of secured claims against the bankrupt estate is the only portion of the commissioner's order now under attack.

Appellant (hereinafter referred to as the bankrupt), on February 15, 1938, filed a petition under the Act for composition and extension. The bankrupt is the widow and sole heir at law of Ralph Pramer, who died December 26, 1934. Ralph Pramer was the son and sole heir at law of Ellen Pramer, who died December 9, 1934. Ellen Pramer, at the time of her death, owned real estate, chiefly farm land, in the state of Illinois, which at her death descended to Ralph Pramer. The latter, at the time of his death, in addition to the real estate inherited from his mother, owned forty acres of farm land in the state of Wisconsin. The bankrupt, as well as her husband and mother-in-law, was a resident of Walworth County, Wisconsin. Domiciliary administration was commenced within three years after death, for the estates of Ralph Pramer and Ellen Pramer, before the probate court of Walworth County, Wisconsin. Ancillary administration for each of said estates was commenced in McHenry County, Illinois, where the real estate of Ellen Pramer was located.

Some of the claims included in the subject of this appeal were predicated upon notes secured by real estate mortgages on the Illinois real estate. Some were predicated upon unsecured notes and other forms of contractual indebtedness. They were all filed and allowed, either in the county court of Wisconsin or the probate court of Illinois, in the estates of Ralph Pramer and Ellen Pramer, deceased.

Appellant states the contested issue thus: "Were claims against the estates of Ellen Pramer, deceased, and Ralph Pramer, deceased, properly allowed as secured claims against the bankrupt?"

It is the contention of the appellant, as we understand it, that because the claims allowed by the commissioner (and approved by the court) were not the personal debts of the bankrupt they could not be allowed as secured claims in the instant bankruptcy proceeding; in other words, that the right of the creditors to assert their claims was limited by the relief provided by Wisconsin and Illinois law for proving and obtaining liens against the real estate of a deceased debtor.

We are met in the beginning with appellees' contention that the appeal should be dismissed for two reasons: (1) failure of appellant to cause the appeal to be docketed within forty days after the

filing of the notice of appeal in the office of the clerk of the United States District Court; and (2) the bankrupt has no interest in the order appealed from (that is, allowing claims), and is, therefore, not a proper party.

■ The notice of appeal was filed April 16, 1942, and admittedly the record was not filed in this court within forty days, as required by rule 73(g) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. However, on May 18, 1942, and within the forty-day period, the District Court entered an order extending the time for docketing said appeal to the 30th day of June, 1942. Appellees contend that the latter order was ineffective to extend the time, for the reason that the motion on which the order was predicated was not sworn to and was made ex parte. Reliance is placed upon miscellaneous rule 29(5) of this Court, "No extensions of time for taking any action under these rules should be granted, except upon verified petition or upon motion supported by affidavit." We think this rule is without application to the instant situation for the reason that rule 11(1) provides, "The time for docketing may be enlarged as provided by rule 73(g) of the Federal Rules of Civil Procedure." The latter rule states: "The District Court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action." Certainly if the court has the authority, as it no doubt has, to extend the time without motion, it has the authority to do so upon an ex parte written motion as was done in the instant case.

■ The second ground urged for dismissal is dependent upon facts so closely related to those upon which the validity of the order under attack must be determined as not to require detailed consideration. Appellees urge that the general rule in bankruptcy precludes an appeal by the bankrupt from an order of the referee allowing claims. Undoubtedly, this is the general rule, for the reason that the trustee takes title to the bankrupt's property and the bankrupt, being insolvent, has no interest in such an order. It is urged that the bankrupt in the instant case is likewise without an appealable interest. Appellees in their brief state that the order appealed from was entered "at the terminal stage of a bankruptcy proceeding." Our experience in proceedings of this kind makes us skeptical as to when, if ever, the terminal stage is reached.

The last step in the instant proceeding, as far as the record discloses, was a reappraisement of the debtor's property, with an order appointing a trustee, presumably for the purpose of making a sale, although the record does not so state. Even after sale, however, the debtor would have a period for redemption. Wright v. Union Central Life Insurance Co., ei al., 311 U. S. 273, 61 S.Ct. 196, 85 L.Ed. 184. Therefore, it can hardly be said that the "terminal stage" was at hand when the order appealed from was entered.

It would appear that the bankrupt might have a vital interest in the amount of claims allowed as affecting her ability to redeem. On the other hand, we are unable to comprehend why she so vigorously stresses the fact that the claims were allowed as secured. Her interest, so we think, would lie in the amount of the claims allowed rather than their classification. While the right of the bankrupt to appeal is not clear, we are not disposed to dismiss upon that ground, but shall consider the case briefly on its merits.

■ Upon the filing of the bankrupt's petition, under the circumstances already related, the court by its order of May 14, 1938, assumed jurisdiction of all the property and assets of the debtor, including her interest in the estates of Ellen and Ralph Pramer, and also assumed exclusive jurisdiction of all persons having any liens on said property or claims allowed against said estates, as well as jurisdiction of the administration of said estates and each of them. The court ordered the administrator of said estates to turn over to the commissioner all monies in his hands as such administrator, directed the commissioner to hear evidence and fix the fees of the administrator and his attorneys, and directed the bankrupt to amend her schedules so as to include money and property turned over to the commissioner by the administrator. (The validity of this order is not before us; we accept it as it is.) Thus it appears that early in the administration of this estate the court not only assumed jurisdiction on the bankruptcy matter, but jurisdiction of the administration of the probate proceeding then pending in the states of Illinois and Wisconsin. This action appears to have been acquiesced in by all the parties. Thus.

the report of the conciliation commissioner discloses that he received on June 11, 1938 the sum of $1,816.60 from the administrator. It also shows that about the same time he fixed and paid the attorney fees, as well as the administrator's fees, for the estate pending in Wisconsin, as well as that in Illinois.

On August 17, 1938, an amended petition was filed and bankruptcy adjudicated under section 75, sub. s of the Act. Shortly thereafter an order of appraisal and the fixing of rents was entered. On January 10, 1939, an order was entered which, among other things, stayed for a period of three years all proceedings in any court against the debtor or any of her property. On January 22, 1942, the bankrupt property was reappraised and on February 21, 1942, after notice to creditors and the bankrupt, a hearing was had by the commissioner which was followed by the order in controversy. This order, in addition to allowing claims, recited that the three year stay order had expired and that the bankrupt had made no offer to redeem the real estate at its appraised value.

 The bankrupt did not appear at the hearing before the commissioner which culminated in the order complained of, but filed written objections to the allowance of such claims. One ground of objection was that the claims were not filed within six months after she was adjudicated under paragraph S. In our opinion, there is no merit to this point for the reason that they had been filed under the original proceeding, and we see no reason why they should again be filed. Furthermore, the claims were all listed and made a part of the schedules filed by the bankrupt. The ground upon which the more insistent argument is made is on the theory that the proceedings in the county court of Wisconsin and the probate court of Illinois did not reach the point whereby the claimants acquired liens on the real estate in question, and, therefore, that the claimants could not have acquired liens against the property in the bankruptcy court. We do not think it is necessary that we examine the state law with the view of determining when and how a creditor of a deceased person must proceed in order to acquire a lien against the property of the deceased in the states of Wisconsin and Illinois. This is so for the reason that the creditors are not responsible for the existing situation, which the bankrupt is endeavoring to capitalize to their detriment and for her benefit.

 When the bankrupt filed her petition, she specifically listed in the schedules attached thereto all of the claims now in dispute. Some were listed as claims secured by real estate mortgages, and all others were listed as having been filed and allowed in the probate proceeding of either Wisconsin or Illinois. Acting upon such representation, the federal court took jurisdiction not only of the property which the bankrupt had inherited but also of all persons having claims against the persons from whom the real estate had descended. All such persons were enjoined from proceeding against such property and, in addition, the probate estates were stripped of all personal property, as shown by the court's order requiring that all personal property in the hands of the administrator be turned over to the commissioner. Thus, any remedy which the claimants might have had in the state courts was not only stayed, but destroyed. We think this is so, even before the injunction was issued, for in the very inception of the proceeding the federal court assumed jurisdiction not only of the real estate, against which a lien might have been obtained, but actual possession of the personal property out of which the claims might have been paid. The bankrupt, having instituted the proceedings out of which the present situation developed, and her estate having received the benefit of the procedure which followed, is in no position, so we think, to contend that the bankruptcy estate should not be charged with the claims. There is no merit in the suggestion that the claimants are guilty of laches in failing to pursue their remedies in the state court when their hands were effectively tied by the proceedings which the bankrupt had instituted.

The order appealed from is affirmed.