**Joaquin CASTANER, Debtor, Appellant,**

v.

**Rafael MORA, Creditor, Appellee.**

**No. 4859.**

United States Court of Appeals
First Circuit.

Submitted Oct. 7, 1954.

Decided Oct. 22, 1954.

———◆———

Jorge F. Romany, San Juan, Puerto Rico, for appellant.

Anibal Padilla, Ponce, Puerto Rico, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an attempted appeal from an order of the district court entered April 30, 1954, setting aside an order of a referee in bankruptcy and remanding the case to the referee for further consistent proceedings.

Appellant Joaquin Castañer was adjudicated bankrupt on July 24, 1953. Appellee Rafael Mora is a secured creditor of the bankrupt, having a mortgage upon the bankrupt's coffee farm and the buildings thereon. The validity of the mortgage debt and of the mortgage securing it is not now in question. Located in one of the buildings is certain machinery intended for the washing and cleaning of the coffee, though never so used by the bankrupt. The referee ruled that the said machinery was not covered by the mortgage, and by order on April 1, 1954, directed that the machinery be sold separately at public sale for the benefit of the general creditors.

Upon petition for review of the referee's order, filed by the secured creditor, the district court ruled as a matter of local mortgage law that the machinery was embraced within the description and coverage of the mortgage; and therefore set aside the aforesaid order of the referee.

The effect of the district court's order in thus augmenting the coverage of the mortgage held by the secured creditor is to diminish the estate available for distribution to the general creditors. If anybody is aggrieved by the district court's order, it is the general creditors, whose interests are represented by the trustee in bankruptcy. But the trustee has not undertaken to appeal, nor does it appear that any of the general creditors have sought to force him to do so. It is the bankrupt who has attempted to take this appeal. But the insolvent bankrupt is not aggrieved in a legal sense and has no standing to appeal from this order. See In re Pramer, 7 Cir., 1942, 131 F.2d 733, 734; In re Henry Wood Sons Co., D.C.Mass., 1922, 279 F. 608; In re Cook's Motors, Inc., 1 Cir., 1944, 142 F.2d 369.

It follows that appellee's motion to dismiss should be granted, and an order will be entered dismissing the appeal.