**HARTMAN CORPORATION OF AMERICA, a corporation, and Jane I. Hartman, Appellants,**

**v.**

**UNITED STATES of America and Fred J. Lauchli, Trustee of Hartman Corporation of America, Appellees.**

**No. 16928.**

United States Court of Appeals Eighth Circuit.

June 20, 1962.

**430**

William J. Becker, Clayton, Mo., for appellant.

Ralph A. Muoio, Atty., Dept. of Justice, Washington, D. C., for appellees, and Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D..C., D. Jeff Lance, U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., on the brief.

Kenneth Teasdale and Charles E. Dapron, of Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., for appellee Fred J. Lauchli, Trustee of Hartman Corp. of America.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition for review of an order of the Honorable Wm. O'Herin, Referee in Bankruptcy, entered in the Matter of Hartman Corporation of America, Bankrupt, on February 10, 1961. The order of the Referee allowed an amended tax claim of the United States, filed against the bankrupt corporation, in the amount of $509,750.12. The bankrupt, claiming to be a "person aggrieved" within the meaning of Section 39, sub. c of the Bankruptcy Act, as amended (11 U.S.C.A. § 67, sub. c), petitioned for review of the order on February 27, 1961. The Referee's certificate on the petition was filed March 10, 1961. The certificate stated that the question for determination was "the correctness of the Referee's order of February 10, 1961, allowing Claim No. 192 of the United States for taxes." The Trustee in Bankruptcy on May 1, 1961, moved to dismiss the petition for review, on the ground that the bankrupt was not a "person aggrieved" by the Referee's order and was without standing to seek a review. The controversy was submitted to the late Judge Weber on June 30, 1961. On August 1, 1961, Jane I. Hartman, a stockholder of the bankrupt, asked leave to intervene as a "person aggrieved" and to join the bankrupt in its petition for review. She suggested that her personal rights and property would be affected by the outcome.

Judge Weber on August 24, 1961, granted the Trustee's motion to dismiss the bankrupt's petition for review, and overruled Jane I. Hartman's petition for leave to intervene.

In his unreported memorandum opinion, the Judge had this to say:

"A person or corporation proceeded against under the bankruptcy statutes has a right to contest the matter of the adjudication in bankruptcy. This adjudication is subject to appeal and the bankrupt can pursue his remedy throughout the courts. Once, however, the adjudication of bankruptcy has been entered and becomes final, the remaining contenders are the creditors, for the only issue remaining is to determine how much assets there are and who is entitled thereto. Thus, creditors of an adjudicated bankrupt are parties who can be aggrieved by an order of the Referee and have a right to review, but the bankrupt ordinarily has no further interest. If he, or it, is hopelessly insolvent, and he has been adjudicated bankrupt, which absolves all further liability, there is no interest of the bankrupt in the distribution of the estate. Castaner v. Mora [1 Cir.], 234 F.2d 710; In re Camp Packing Co. [D.C.], 146 F.Supp. 935; In re Henry Wood Sons Co. [D.C.], 279 Fed. 608; In re Sawilowsky [D.C.], 284 F. 975; Rogers v. Bank of America Nat. Trust [9 Cir.], 142 F.

2d 128; Stone v. Huffstutler [5 Cir.], 227 F.2d 217."

He also stated that "the record here discloses this to be a hopelessly bankrupt corporation," and that: "There could be no interest left in the case except among the creditors. Neither the corporation nor Jane I. Hartman fall in the creditor status." The Judge concluded that the bankrupt corporation was not a "person aggrieved" within the meaning of Section 39, sub. c of the Bankruptcy Act, and that neither was Jane I. Hartman.

To the authorities cited by Judge Weber in support of his views may be added: 8 Remington on Bankruptcy, Chap. XLIX, § 3401; 2 Collier on Bankruptcy (14th Ed.), par. 39.19, pages 1479–1481; 6 Am.Jur. (Rev.Ed), Bankruptcy, § 1717; 8 C.J.S. Bankruptcy § 595.

It is safe to say that to be a "person aggrieved" one must be directly and adversely affected pecuniarily by the order of the referee which is challenged. After all, practical common sense need not be entirely divorced from bankruptcy proceedings.

The order appealed from is affirmed.