**William J. EDELL, Appellant,**

v.

**Michael DI PIAZZA et al. d/b/a City Tile and Marble Company, et al., Appellee.**

**No. 22067.**

United States Court of Appeals
Fifth Circuit.

May 14, 1965.

Rehearing Denied June 9, 1965.

William J. Edell, pro. per.

Carl V. Wisner, Jr., Fort Lauderdale, Fla., Paul G. Hyman, Harold Friedman, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

BELL, Circuit Judge.

Appellant Edell was adjudicated a bankrupt in the Southern District of Florida on November 25, 1953 after having filed a petition for an arrangement under Chapter XII on the Bankruptcy Act on April 23, 1952. The appellees are his New York creditors whose claims were paid on January 23, 1956 in a New York state court receivership proceeding involving real property of appellant located in that state. The receivership proceeding antedated the bankruptcy proceedings.

The District Court held on February 8, 1957 that it had no jurisdiction over the New York property. Appellant, individually and not by or through the trustee of his bankrupt estate, took an appeal from this order in 1960. The District Court's order was affirmed. Edell v. Nicholas, Trustee, 5 Cir., 1965, 285 F.2d 430, cert. den., 368 U.S. 849, 82 S.Ct. 80, 7 L.Ed.2d 46.

In October 1962 the trustee of the estate sought turnover orders in an effort to recover the sums which had been paid to appellees on their claims in the New York receivership proceeding. The basis for the orders thus sought was that the payments were transfers after the date

of bankruptcy and hence invalid against the trustee under § 70, sub. d(5) of the Bankruptcy Act. Appellees moved to dismiss for the reasons, among others, that the court lacked summary jurisdiction in the premises and that the matters in issue were res judicata, having been finally determined in the New York proceeding. The turnover petitions were denied on January 20, 1964 on the ground of res judicata; the District Court affirmed on review, and the trustee filed no appeal.

This appeal from that order was taken by Mr. Edell, individually, on the assumption that he is an aggrieved party entitled to appeal under § 25 of the Bankruptcy Act, 11 U.S.C.A. § 48. However, an aggrieved party within that section is only one who has a substantial interest in the question appealed from. 2 Collier on Bankruptcy § 25.08. No sufficient reason is offered, nor can we discover any from the record, as to why Mr. Edell, as distinguished from the trustee, is aggrieved. The order here challenged is the denial of turnover orders against the New York creditors, and its effect is to diminish the estate available for distribution to the general creditors. The aggrieved parties, if any, are the general creditors as represented by the trustee. The bankrupt himself has no interest in the resolution of this conflict between the trustee and the New York creditors and consequently is not an aggrieved party. Manda v. Sinclair, 5 Cir., 1960, 278 F.2d 629; Castaner v. Mora, 1 Cir., 1954, 216 F.2d 189.

The record discloses that the claims of the creditors involved in the instant phase of this extended litigation, which has taken place over the years in New York courts on all levels as well as in the federal courts of Florida and New York, are minuscule in comparison to sums that have gone to expenses of litigation and to other creditors. The principal contests have been with two former wives of Mr. Edell over alimony, and with the New York receivers over their jurisdiction, the fees and expenses in and the balance due from that proceeding. Res Judicata

finds its support in the principle that litigation must end. It is a principle that would find apt application here. However, we do not reach that question as the record is utterly lacking in support for an appeal by Mr. Edell as an individual.

In the view we take of the case the appeal should be and it is dismissed.