**IMPERIAL BOWL OF MIAMI, INC., Bankrupt, and Harry Rowan, Appellants,**

v.

**William R. ROEMELMEYER, as Trustee, Appellee.**

**No. 22746.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1966.

**324**

Albert M. Lehrman, Miami, Fla., for appellants.

Paul G. Hyman, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellee.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM.

These proceedings were initiated March 27, 1964, with a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. On June 4, 1964, an order was entered adjudicating the debtor bankrupt, which order the Bankrupt sought to overturn by a petition for review. On review the United States District Court for the Southern District of Florida affirmed the order of adjudication, and no appeal was taken therefrom. Subsequent proceedings in bankruptcy led to the sale here under attack. This is an appeal by the Bankrupt and a prospective purchaser at such sale. They challenge the order of the District Court affirming the confirmation by the Referee in Bankruptcy of the sale of certain assets of the Bankrupt.

The right to file a petition for review is granted by Section 39 of the Bankruptcy Act, 11 U.S.C. § 67, to "[a] person aggrieved by an order of a referee." Neither the Bankrupt (Hartman Corp. of America v. United States of America, et al., 304 F.2d 429 (8 Cir. 1962); Edell v. Di Piazza, 345 F.2d 336 (5 Cir. 1965); Manda v. Sinclair, 278 F.2d 629 (5 Cir. 1960)) nor a prospective bidder (In Re Realty Foundation, 75 F.2d 286 (S.D. N.Y.1935)) is aggrieved under the statute. Nothing in the Record or the Brief suggests the specifics of any other basis for the alleged grief. Unhappy or disappointed as each might be, neither is aggrieved.

The order of the District Court is Affirmed.