Willa G. SKELTON and Charles W. Skelton, Appellants,

v.

Richard R. CLEMENTS, Trustee, Appellee.

Nos. 22256, 22256A.

United States Court of Appeals Ninth Circuit.

Feb. 19, 1969.

Willa G. Skelton, in pro. per.

Robinson, Wolas & Hagen; Enright, Elliott & Betz, Los Angeles, Cal., for appellee.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

These appeals arise out of the administration of the appellants' bankrupt estate. Appellant (with her now deceased husband) filed a voluntary petition in bankruptcy on November 21, 1966, was adjudicated bankrupt, and appellee was appointed trustee. Appellant was discharged in bankruptcy on February 9, 1967.

Appellant had a cause of action which arose prior to the date of bankruptcy and which became part of the bankrupt estate. On April 21, 1967, the referee approved a compromise of the controversy made by the trustee. On April 27, 1967, the referee confirmed the sale by the trustee of certain property which was part of the bankrupt estate. Appellant filed a petition to review these orders; the trustee filed a motion to dismiss this petition and the motion was granted by the district court on July 6, 1967. From this dismissal, appellant now appeals (No. 22,256).

Appellant filed a petition for abandonment of the bankruptcy proceedings on

March 8, 1967; the trustee and others opposed this petition. After a hearing, the referee found that it was in the best interests of those concerned to continue the proceedings and on May 2, 1967, denied the petition. Appellant filed a petition to review this denial, but the district court on October 5, 1967, confirmed the denial. From this confirmation, appellant now appeals (No. 22,256A).

Appellant makes many claims on appeal, most of which are irrelevant to the case. Basically, she claims, without relevant support, that the orders of the referee dated April 21 and 27, 1967, and May 2, 1967, are not supported by the evidence, are prejudicial, are in excess of the bankruptcy court's authority, and are the products of fraud.

#### Appeal No. 22,256

The trustee was vested with the causes of action pending at the date of filing the bankruptcy, Sec. 70a(5) of the Bankruptcy Act, hereafter the Act, 11 U.S.C. § 110(a) (5); Sec. 688.1 of the Cal.C.C.P.; Carmona v. Robinson, 336 F.2d 518 (9 Cir.1964), and with the bankrupt's personal property, Sec. 70a of the Act, 11 U.S.C. § 110(a). The trustee had the power to liquidate the estate, Sec. 47a of the Act, 11 U.S.C. § 75(a), and his actions were approved by the referee.

A review of the referee's order may be taken only by a "person aggrieved by the order," Sec. 39(c) of the Act, 11 U.S.C. § 67(c), and the bankrupt (appellant) is not a person aggrieved by these orders, Hartman Corporation of America v. United States, 304 F.2d 429 (8 Cir.1962); Castaner v. Mora, 216 F.2d 189 (1 Cir.1954). These authorities are dispositive of this appeal. In addition, there has been no showing that the orders were improper or that the referee was clearly erroneous in confirming the compromise or sale.

#### Appeal No. 22,256A

A bankrupt cannot unilaterally withdraw a voluntary petition in bankruptcy after adjudication. The referee was not in error in exercising his discretion to deny the petition for abandonment, Goodrich v. England, 262 F.2d 298, 301 (9 Cir.1958); See, Gersing v. Shinberg, 78 U.S.App.D.C. 353, 140 F.2d 706 (1944).

The orders of the referee were proper and the district court did not err in dismissing the petition to review the orders of April 21 and 27, 1967, and in affirming the action of the referee in dismissing the appellants' petition for abandonment of the bankruptcy proceedings.

The judgments are affirmed.