**In the Matter of Anson J. LONGTIN and Lucille G. Longtin, Bankrupts.**

**Nos. 35565, 35566.**

United States District Court
E. D. California.

Sept. 5, 1969.

Wilmer W. Morse, Sacramento, Cal., for Longtin.

Milton Maxwell Newmark, Lafayette, Cal., for trustee.

MacBRIDE, Chief Judge.

### MEMORANDUM AND ORDER

In this, a bankruptcy proceeding, the referee made an order approving the compromise of certain antitrust suits instituted by the debtors in bankruptcy before bankruptcy proceedings commenced. The debtors petitioned for review of that order in this court. In a Memorandum and Order filed June 9, 1969, this court dismissed the petition for review on the ground that the debtors were not persons "aggrieved by the order" as required by Sec. 39(c) of the Bankruptcy Act. The debtors have filed a notice of appeal from that order. The trustee now moves for an order requiring the debtors to post a surety bond in a reasonable sum to protect the bankrupt estates from monetary damage which may result from further delays caused by an appeal.

■ I have concluded that on the facts of this case, the trustee's motion should be granted. The essential facts are as follows. On September 11, 1964, the Longtins (debtors) filed Voluntary Petitions in Bankruptcy. The referee adjudicated them bankrupts on September 15, 1964. Apparently they made no objections to their being adjudicated bankrupts. Part of the bankrupt estates were two antitrust suits filed by Mr. Longtin before the bankruptcy proceedings commenced. These claims grew out of his motion picture exhibiting business. The two suits sought total actual damages of $800,000, and the referee made an order approving the compromise of these suits for $80,000. The settlement offer required a final order of the referee approving the settlement. So long as the referee's order is being appealed, it will not be final, and the antitrust defendants can withdraw their settlement offer at any time. Counsel for the trustee recently received a letter from defense counsel indicating an in-

clination to withdraw the offer on account of the lapse of time since it was first proposed in 1966 and since the suits' filing in 1960. It is probable that an appeal to the Ninth Circuit will cause a further delay of a year or more. The possibility that this $80,000 may be lost to the creditors induced the trustee to file the instant motion.

I have carefully reviewed my Memorandum and Order dismissing the petition for review and can only characterize the appeal as frivolous. My decision was based on the recent Ninth Circuit decision in Skelton v. Clements, 408 F.2d 353 (9th Cir. 1969). The fact situation in that case was identical. The debtor was petitioning for review from an order of the referee approving the compromise of a lawsuit instituted by the debtor before the bankruptcy proceedings. In a per curiam opinion the court dismissed appellant's contention almost without discussion, holding that the bankrupt was not "a person aggrieved by the order" and affirming the district court's dismissal of the petition.

The short opinion is silent as to whether the appellant stood to profit from a surplus in the bankrupt estate in the event of a different disposition of the lawsuit. The debtors in the instant case feel that they could profit handsomely from a surplus if the suits were tried and that this fact distinguishes their case from *Skelton*. However, this purported distinction is chimeric: why would the bankrupt in *Skelton* appeal if she did not stand to gain?

The parties have not cited and I have not found any authority specifically permitting or forbidding the course of action proposed. The trustee invokes the equity powers of the court, and the debt-

ors insist on their absolute right to appeal.[1] The Supreme Court has generally stated a bankruptcy court's equity powers as follows:

> A bankruptcy court is a court of equity * * * and is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act. * * * A court of equity may in its discretion in the exercise of the jurisdiction committed to it grant or deny relief upon performance of a condition which will safeguard the public interest. American United Mutual Life Ins. Co. v. Avon Park, 311 U.S. 138, 145, 61 S.Ct. 157, 161, 85 L.Ed. 91 (1940)[2]

While it may be that I have no jurisdiction to make such an order once the notice of appeal has been filed,[3] I have found nothing in the Bankruptcy Act or the Federal Rules of Civil Procedure forbidding it. In my judgment the facts of this case militate strongly for this apparently unprecedented action.

These bankrupts, finding themselves in a hopelessly insolvent position, voluntarily came to this court for help in extricating themselves from their financial problems. If there was a possibility that there might be a substantial surplus in the bankrupt estates then the debtors should have objected to the adjudication of bankruptcy and sought other relief under the Bankruptcy Act.[4] The debtors made no objection when the referee entered adjudication. After an adjudication the bankrupt becomes only a bystander.[5] In exchange for the benefits accorded the debtors by the Bankruptcy Act; *e. g.*, a discharge, the Act requires certain burdens be assumed. I think one of these is refraining from taking frivolous appeals whose delays may sub-

1. *See* Koster & Wythe v. Massey, 262 F.2d 60 (9th Cir. 1958).

2. *See generally* 9 Am.Jur.2d Bankruptcy § 38 (1963).

3. *See* Merritt-Chapman & Scott Corp. v. City of Seattle, Washington, 281 F.2d 896, 899 (9th Cir. 1960) and General Order in Bankruptcy 36. *But see* Fed.Rule of Appellate Procedure 8.

4. *See* Hartman Corporation of America v. United States, 304 F.2d 429, 430 (8th Cir. 1962) (relied on by the Ninth Circuit in Skelton v. Clements, discussed *supra*.).

5. *See* Hartman Corporation of America v. United States, *supra* note 4.

stantially injure the interests of the general creditors. The debtors are no doubt taking this appeal because they have nothing to lose and feel they have a longshot chance for a substantial windfall. But the duty of the trustee and of this court is to protect first the interests of the creditors. No creditor has filed objections to the compromise in question, and I feel that their enjoyment of its benefits should not be recklessly jeopardized.

It is therefore ordered that the trustee prepare an order consistent with this Memorandum setting a bond in an amount he considers reasonable but subject to the court's approval.

See also D.C., 303 F.Supp. 1354.