In the Matter of **UNITED STATES OVERSEAS AIRLINES, INC., a Delaware Corporation, Bankrupt.**

**United States Overseas Airlines, Inc., Bankrupt, Appellant.**

**No. 18025.**

United States Court of Appeals Third Circuit.

Argued Nov. 17, 1969.

Decided Dec. 19, 1969.

Michael Carney, pro se.

Joseph T. Maloney, Dept. of Institutions and Agencies, Trenton, N. J. (Arthur J. Sills, Atty. Gen. of New Jersey, by Eugene T. Urbaniak, Deputy Atty. Gen., Trenton, N. J., on the brief) for appellees.

Before HASTIE, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

Clarence P. Reberkenny, Hyland, Davis & Reberkenny, Cherry Hill, N. J., for United States Overseas Airlines.

William M. Balliette, Jr., Cafiero & Balliette, Wildwood, N. J. (James S.

Cafiero, Wildwood, N. J., on the brief), for Joseph Tenenbaum, Trustee in Bankruptcy.

Before HASTIE, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal by a bankrupt corporation from an order of the district court confirming an order in which the referee had confirmed the sale of the bankrupt's corporate trade name and the bankrupt's revoked certificate to operate as a supplemental air carrier to a purchaser for $5,000.

It is not contended that the sale price was inadequate. All of the tangible assets of the bankrupt had been sold before the presently challenged sale.

In dismissing the bankrupt's petition for review, the district court reasoned that:

"[u]nder Section 39c of the Bankruptcy Act, only a 'person aggrieved' can petition for review of a Referee's order. A 'Person Aggrieved' is one who is directly and adversely affected *pecuniarily* by the order. Hartman Corp. of America v. United States, 304 F.2d 429 (8 Cir. 1962); In re Henry Wood Sons Co., 279 Fed. 608 (D.C. Mass.1922). In any event, real value was realized by the trustee for the benefit of the creditors, and the bankrupt may not petition for review where fair value is exchanged for the asset, if it be one, of only a skeletal charter and a dormant right of purchase. Of course, a grossly inadequate bid is quite another matter. The argument of the petitioner is that the trustee had no assets to sell in this regard. If that is so, then only the purchaser has been harmed by his speculation. If the bankrupt corporation had inherent rights in these intangible property rights, then the trustee's duty under the Act was to sell, and this is precisely what he did."

We agree with the district court that the bankrupt was not "aggrieved," within the meaning of the Bankruptcy Act, by the sale it is attempting to challenge.

The judgment will be affirmed.