## In re ELKINS ENERGY CORPORATION.

**LONG AIRDOX COMPANY, Appellant,**
**v.**

**ELKINS ENERGY CORPORATION,**
**Appellee.**

**Bankruptcy No. 79–00063–B.**

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

Nov. 26, 1980.

Matthew J. Cody, Jr., Lebanon, Va., for Long-Airdox.

James W. Elliott, Jr., White, Elliott & Bundy, Abingdon, Va., for Elkins Energy.

James E. Nunley, Bristol, Va., and Robert T. Copeland, Abingdon, Va., Trustees in Bankruptcy.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This action is before the court on appeal from the United States Bankruptcy Court for the Western District of Virginia. The appellant, Long Airdox Company (Long Airdox), a creditor in the bankruptcy proceeding, contests an award of interim attorney's fees to counsel for the appellee, Elkins Energy Corporation (Elkins Energy), the debtor. The appellee has answered with a motion to dismiss. Appeal of the bankruptcy court's order is taken pursuant to Rule 801 of the Rules of Bankruptcy Procedure.

### I.

On 3 August 1979, Elkins Energy filed a petition in bankruptcy, seeking relief under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 *et seq.* Over one hundred creditors were given notice of the first creditor's meeting which took place on 27 August 1979; a creditor's committee was appointed on 2 November 1979. Counsel for the debtor filed a petition on 26 March 1980, requesting an additional one hundred eighty days in which to file a plan of payment. The bankruptcy court granted the extension. Counsel for the debtor filed a second petition on 2 July 1980, requesting an additional one hundred twenty days in which to file a plan of payment. To date, no proposed plan has been filed.

On 18 June 1980, the attorneys for the debtor filed a petition with the bankruptcy court requesting an interim award of attorney's fees of fifty thousand dollars. Appended to the application for fees were two lists of expenses submitted by each of the two attorneys representing the debtor. Notice of the application for fees was sent to the attorney for the creditor's committee, and to the debtor, Elkins Energy. No notice was sent to secured creditors or to individual unsecured creditors.

The application for allowance of interim attorney's fees was set for a hearing on 7 July 1980. Notice of that hearing was sent to the petitioning attorneys, to the debtor, and to the attorney for the creditor's committee. No individual creditors were given notice of the hearing.

At the hearing on 7 July, counsel for Long Airdox appeared [1] to contest an interim award of fees on the grounds that (1) notice of the application was not given to creditors as required by 11 U.S.C. § 94, (2) itemized expenses submitted by the attorneys were duplicative, in violation of 11 U.S.C. § 104, and (3) questions of fact existed concerning the fee application, requiring an evidentiary hearing to determine a reasonable fee. Over these objections, the bankruptcy court awarded an interim fee of thirty thousand dollars to the debtor.[2] Long Airdox filed a notice of appeal of that award on 11 August 1980.[3]

### II.

The appellant argues that an interim attorney's fee was improperly awarded by the bankruptcy court, without proper notice to creditors, an examination of the expenses submitted by the debtor's attorneys, or a determination that the fee was reasonable as required by the Bankruptcy Act. Long Airdox asks this court to remand the pro-

---

1. Counsel for Long Airdox had heard through sources other than the bankruptcy court that attorney's fees had been requested and that a hearing was set.

2. The bankruptcy court also awarded the counsel for the creditor's committee an interim fee of two thousand five hundred dollars. That award has not been appealed.

3. In addition, this court wishes to note that it has received ex parte communications from several irate creditors who claim, essentially, that they had no notice of proceedings concerning the award of interim attorney's fees; that during the fourteen months this case has been in bankruptcy court, no plan of payment to creditors has been submitted and no creditors have been paid, although administrative fees have been awarded; and that under the circumstances, they would have opposed an award of interim fees had they had notice of the application for fees.

ceedings to the bankruptcy court with instructions to vacate its order awarding an interim attorney's fee and to enter an order directing the debtor's attorneys to return to the debtor's estate the monies paid for fees. The appellee has answered with a motion to dismiss on the grounds that Long Airdox lacks standing to appeal an interim award of attorney's fees.

First, the appellee's motion to dismiss is denied. Title 11 U.S.C. § 67 permits "a person aggrieved" to appeal an order from the bankruptcy court. The debtor contends that an appeal can be taken only by a party who has a substantial interest in the issue appealed; the debtor argues that Long-Airdox does not have a substantial interest in this appeal because the Long-Airdox claim comprises only an estimated four percent of the total creditors' claims in the bankruptcy proceeding.

■ Whether the petitioning party is a "person aggrieved" is a question of fact for the district court. *In Re Capitano*, 315 F.Supp. 105 (E.D.La.1970); *see also* 2a Collier on Bankruptcy ¶ 39.19, at 1493 (14th ed. 1978). Numerous cases have construed the term "persons aggrieved"; parties indirectly affected by an order are denied the right of review. *See, e. g., Imperial Bowl of Miami, Inc. v. Roemedmeyer*, 368 F.2d 323 (5th Cir. 1966) (the bankrupt and a prospective bidder denied review of an order confirming sale); *Hartman Corp. of America v. United States*, 304 F.2d 429 (8th Cir. 1962) (hopelessly insolvent bankrupt corporation and its principle stockholder denied review); *Stone v. Huffstutler*, 227 F.2d 217 (5th Cir. 1955) (persons not parties denied review); *see also* 13 Collier on Bankruptcy ¶ 801.05 (14th ed. 1978); 9 Am.Jur.2d Bankruptcy § 1686. However, creditors are entitled to appeal an order allowing compensation for attorney's services. *In re Barceloux*, 74 F.2d 288 (9th Cir. 1934). This court holds that Long-Airdox is directly affected by the

award of interim fees, and is a "person aggrieved" within the meaning of 11 U.S.C. § 67 of the Bankruptcy Act. Accordingly, the appellee's motion to dismiss is denied.[4]

The appellant alleges (1) inadequate notice of the application for fees, (2) duplication of claims for fees, and (3) denial of an evidentiary hearing to determine a reasonable fee. Title 11 U.S.C. § 94 of the Bankruptcy Act provides, in part:

(a) Creditors shall have at least 10 days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors, of . . .

(8) all applications by receivers, ancillary receivers, marshals, trustees, committees, and attorneys for compensation from the estate for services rendered, specifying the amount and by whom made.

It is clear from the record that notice of the application for attorney's fees was not given to the creditors in this proceeding as required by 11 U.S.C. § 94(a).

■ Further, 11 U.S.C. § 104 of the Bankruptcy Act allows for "one reasonable attorney's fees, for professional services actually rendered, irrespective of the number of attorneys employed, to the bankrupt in involuntary and voluntary cases . . . ." A cursory examination of the fee schedules submitted by the attorneys for the debtor indicates that duplicate charges were claimed. The bankruptcy court, having given no notice to the creditors in this case, and having declined to hold an evidentiary hearing on the matter of a fee award, has developed no record for this court to consider in determining whether the fee award was "one reasonable attorney's fee for professional services actually rendered."

Therefore, this case is remanded to the United States Bankruptcy Court for the Western District of Virginia with instructions to vacate its order of 22 July 1980

---

4. The appellee suggests in the motion to dismiss that the creditors' committee or a trustee would be the appropriate party to bring this appeal. No trustee has been appointed in this case; for reasons not revealed in the record, the creditors' committee is not a party to this appeal. This court notes that although it would have been appropriate for the creditors' committee to bring this appeal on behalf of the creditors, the fact that the committee did not act certainly does not preclude Long-Airdox from bringing this appeal.

awarding interim attorney's fees in the amount of $30,000; and further, after giving notice to the creditors as required by 11 U.S.C. § 94 of the application of fees, to consider that application in light of the requirements of 11 U.S.C. § 104 and the standards generally used to determine the reasonableness of attorney's fees, including (1) the time and labor required of the attorney, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the legal services properly, (4) preclusion of other employment by the attorney due to acceptance of the case, (5) customary fees, (6) the experience, reputation and ability of the attorney, (7) the nature and length of the professional relationship with the client, and (8) the services actually rendered by the attorneys.[5]

---

5. Given the facts in this case, this court would find it difficult to approve any award of interim fees until a proposed plan of repayment is submitted by the attorneys for the debtors. Counsel for the debtor represented to this Court that Elkins Energy Corporation is a working company earning large profits; that therefore all creditors would be paid; and that Elkins Energy needs the equipment on which Long-Airdox is a lien holder. Elkins Energy is using the equipment which is rapidly depreciating and will soon be worn out, and yet after fourteen months of bankruptcy proceedings no plan has been submitted for payment to Long-Airdox on the equipment. Elkins Energy Corporation, out of income earned using equipment it has not paid for, has paid only administrative expenses and the officers and stockholders of the corporation.