62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Samuel H. RUDNICK, Pearl Phyllis Rudnick, Rudnick
Estate Trust, Debtors.
Ben W. ALLUSTIARTE; Linda M. Allustiarte, Appellants,
v.
Samuel RUDNICK, and Pearl Phyllis Rudnick; United States
Trustee; Rudnick Estate Trust; W. Austin Cooper,
Appellees.
 No. 94-15729.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1995.*
Decided Aug. 3, 1995.
 
 Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this appeal, the Allustiartes argue that the bankruptcy court abused its discretion in confirming the Third Amended Plan of Reorganization of the Rudnicks' Chapter 11 bankruptcy. On appeal to the district court, that court held that the bankruptcy court did not abuse its discretion in confirming the plan. We need not address the merits of the Allustiartes appeal because we find that they lack standing to challenge the confirmation of the reorganization plan.
 
 
 3
 The Bankruptcy Act allows a "person aggrieved" to appeal an order of the bankruptcy court. Bankruptcy Act Sec. 39c, 11 U.S.C. Sec. 67(c) (1976) (repealed 1978); Skelton v. Clements, 408 F.2d 353, 354 (9th Cir.1969). In this appeal, the issue is standing to attack the Rudnick bankruptcy, which was filed under the Code. Although there is no comparable provision under the Code, this circuit has expressly held that the same standing standards apply. In re Fondiller, 707 F.2d 441, 443 (9th Cir.1983). To qualify as a "person aggrieved", a party must show that they were "directly and adversely affected pecuniarily by the order of the bankruptcy court." Id. The purpose of this rule is to avoid "[t]he needless multiplication of lawsuits [and appeals] that would arise from permitting insolvent bankrupts standing to sue." In re J.M. Wells, 575 F.2d 329, 331 (1st Cir.1978).
 
 
 4
 The Allustiartes have no standing to assert any interests of the Allustiarte bankruptcy estate. Cooper, the trustee of the Allustiarte Estate, held title to the estate and was holder of record of the claims, see Bankr.Act Sec. 70(a), 11 U.S.C. Sec. 110 (repealed), and was the only one entitled to file a proof of claim or vote. See Bankr.Act Sec. 57(m), 11 U.S.C. Sec. 93(m) (repealed); see also Skelton, 408 F.2d at 354; 8 Collier on Bankruptcy p 3.03 (1993). The Allustiartes were divested of any potential pre-1979 claims against the Rudnicks because upon appointment the trustee gained title to all interests of the estate. See Skelton, 408 F.2d at 354. The Allustiartes' lack standing to assert the claims of the estate.
 
 
 5
 The Allustiartes allege that they have standing to appeal claims that are not of the estate, those of Gregory and Benjamin, Jr. However, these claims were previously determined to be invalid, see In re Allustiarte, 786 F.2d 910, 914-16 (9th Cir.1986), and the district court found them barred by res judicata or collateral estoppel. The Allustiartes do not contest this determination. Thus, without any valid claims to appeal, the Allustiartes cannot show that they were "directly and adversely affected pecuniarily" by confirmation of the Third Amended Plan of Reorganization, and they therefore lack standing to appeal the confirmation.
 
 
 6
 This appeal is frivolous. We take judicial notice that more than 40 appeals have been generated by the Allustiartes in the Rudnick and Allustiarte bankruptcies. That is an unreasonable burden on the Rudnick bankruptcy estate and this court. Rule 38 provides:
 
 
 7
 If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
 
 
 8
 Fed.R.App.P. 38 (emphasis added); see also 28 U.S.C. Sec. 1912. The Allustiartes shall pay double costs and $500 as partial attorneys' fees to appellee unless, within thirty days, they show cause why sanctions should not be imposed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3