403 F.2d 635
 In the Matter of Carlos Joel Wells, and Margaret Ruby Wells,
Bankrupts.
Carlos Joel WELLS and Margaret Ruby Wells, Bankrupts, Ray
Wells, an unsecured creditor, Appellants,
v.
Henry H. DICKINSON, Trustee in Bankruptcy, and Preston-Ropp
Chevrolet, Inc., Appellees.
 No. 18758.
 United States Court of Appeals Sixth Circuit.
 Nov. 21, 1968.
 
 Terry L. Hatchett, Glasgow, Ky., for appellants.
 E. P. Barlow Ropp, Nunn, Travis & Ropp, Carroll M. Redford, Redford & Redford, Henry H. Dickinson, Glasgow, Ky., for appellees.
 Before WEICK, Chief Judge, O'SULLIVAN and PHILLIPS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, who are the bankrupts and an unsecured creditor respectively, have appealed from an order of the District Court dismissing a petition for review of an order of the Referee in Bankruptcy which allowed the claim of appellee, Preston-Ropp Chevrolet, Inc., as an unsecured claim against the bankrupts' estate, in the amount of $30,232.41.
 
 
 2
 Appellees have moved to dismiss the the appeal. It is their contention that only the Trustee in Bankruptcy has standing to appeal and that appellants are not 'aggrieved' parties within the meaning of 11 U.S.C. 67(c) and 11 U.S.C. 48.
 
 
 3
 A bankrupt ordinarily has no interest in conflicts between the trustee in bankruptcy and creditors over the allowance of claims. Edell v. DiPiazza, 345 F.2d 336 (5th Cir. 1965) cert. denied, 382 U.S. 931, 86 S.Ct. 322, 15 L.Ed.2d 342, rehearing denied, 382 U.S. 1002, 86 S.Ct. 572, 15 L.Ed.2d 492; Caldwell v. Armstrong, 342 F.2d 485 (10th Cir. 1965).
 
 
 4
 An unsecured creditor ordinarily has no standing to appeal directly from an order allowing the claim of another unsecured creditor. The orderly administration of the bankrupt's estate requires that these matters be worked out through the trustee in bankruptcy, who represents all creditors, and the Bankruptcy Court. If an unsecured creditor objects to the allowance of the claim of another unsecured creditor, he has a remedy. He may move the court for an order requiring the trustee to appeal, or for permission to appeal if the trustee declines to do so. The Court may, upon a proper showing and with such reasonable conditions as he may impose, order the trustee to appeal or permit the creditor to appeal. If relief is denied, the creditor may appeal for an abuse of discretion. Behringer v. Lybrand & Morgan, 270 F.2d 670 (10th Cir. 1959); Rooke v. Reliable Home Equip. Co., 195 F.2d 667 (4th Cir. 1952); Kimm v. Brecke, 149 F.2d 149 (8th Cir. 1945); Ross v. Drybrough, 149 F.2d 676 (2nd Cir. 1945); Ohio Valley Bank Co. v. Mack, 163 F. 155 (6th Cir. 1906).
 
 
 5
 The appellants have not shown themselves to be aggrieved. The appeal is therefore dismissed.