William **CAHN**, owner of one hundred percent (100%) of the capital stock of Aspic Investments Corporation, Appellant,

v.

John **NICHOLAS**, Trustee, Appellee.

No. 24302.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1969.

1

2

Richard R. Booth, Miami, Fla., for appellant.

Thomas H. Wakefield, William M. Manker, Miami, Fla., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

GODBOLD, Circuit Judge:

This appeal is from the order of the district court, entered in Chapter X reorganization proceedings, that Flora Sun Corporation is the alter ego of Aspic Investments Corporation.

An involuntary petition in bankruptcy was filed against American Bonded Mortgage Company, Inc., followed shortly thereafter by a Chapter X petition. Subsequently a Chapter X petition was filed naming Flora Sun, and later a similar Chapter X petition naming Aspic.

More than three years later the district court ordered the three reorganization proceedings consolidated for the purpose of administration. The trustee filed a petition in the consolidated cases to declare the three corporations to be the alto ego of each other and each to be the alter ego of appellant William Cahn. After hearings the district court entered the order appealed from declaring Flora Sun and Aspic to be the alter ego of each other.

This is a small facet of long and complex bankruptcy matters involving the tangled affairs of three named corporations and many other corporations as well. In the hearings now before us for review counsel and trial court, in an appropriate effort to shorten and simplify the proceedings, relied on and frequently referred to occurrences and ramifications that are unknown to us and unrevealed by the record lodged with this court. We do the best we can with what we have.

The appeal raises questions of the admissibility of evidence and whether the evidence adequately supports the district court's conclusion.[1] No issue is made by the trustee concerning appellant's standing to appeal. Aspic appears to be the

---

1. In an earlier decision this court affirmed an order of the district court that various administrative expenses in bankruptcy of American Bonded, Flora Sun and Aspic be paid solely from Aspic's assets. Cahn v. Nicholas, 376 F. 2d 600 (5th Cir.) cert. denied 389 U.S. 824, 88 S.Ct. 58, 19 L.Ed.2d 77 (1967). The trustee does not claim that appellant is barred in the present case under principles of res judicata or collateral estoppel.

only entity with any substantial assets that might be made available to the creditors of Flora Sun. Appellant is the owner of all the stock of Aspic and is one of its substantial creditors, and, therefore, desires that Aspic not share with Flora Sun such bounty as it has.

■■ The district judge recited that as part of the evidentiary basis for his findings of fact he considered various minute books and stock books of Flora Sun, Aspic and other corporations. These books and records were admitted into evidence together with office file folders containing unsigned carbon copies of federal income tax returns and state tax returns and handwritten accounting work sheets that appear to relate to the returns. All these items came in over objection. The predicate for their admission was the testimony of the successor trustee, formerly the assistant to the trustee, that the documents were found in the office of the corporations at the time the receivership began and continuously since were in his possession. This was not sufficent to make them admissible under 28 U.S.C.A. § 1732. Bruce v. McLure, 220 F.2d 330 (5th Cir. 1955) ; Niederkrome v. Commissioner of Internal Revenue, 266 F.2d 238 (9th Cir. 1958), cert. denied 359 U.S. 945, 79 S.Ct. 725, 3 L.Ed.2d 678 (1959). The failure to authenticate is not within the provision of § 1732 regarding circumstances that affect weight but not admissibility. That provision comes into play only when the other requirements of § 1732 have been met. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

■ The appellee contends for admissibility on the theory that the records were admissions by appellant that he operated or controlled the various corporations and thus were admissible to impeach him. Of course, admissions of a party against his interest, inscribed upon the records of a corporation, are as competent evidence against him as if written somewhere else. United States v. Skolness, 279 F.2d 350 (8th Cir. 1960) ; Bruce v. McLure, *supra.* But in this case the records were not limited to those on which Cahn was the entrant, no proof was adduced that he was the entrant on any of them, and the records were the evidentiary basis for findings against Aspic. No relief was given against Cahn individually.

No suggestion is made to us that the books and records were admissible under a more liberal Florida standard.

■ The court also admitted into evidence as part of the trustee's direct case, and over objection, transcripts of testimony of Donald Zundell, John G. McKay, Jr., Larry J. Paskow, William T. Criswell, and a Mr. Corr. These transcripts were indentified as having been taken pursuant to § 21(a) of the Bankruptcy Act, 11 U.S.C.A. § 44.[2] Admissibility of testimony taken in a § 21(a) examination is governed by Fed.R.Civ.P. 43(a). 2 Collier, Bankruptcy, § 21.15(2), at 316 n. 7. Appellee contends that Fed. R.Civ.P. 26(d) (2) [3] makes the examinations admissible, thereby meeting the standards of Rule 43(a). McKay was identified as secretary and Criswell as president of American Bonded. But what is before us does not show that Zundell, Paskow or Corr is "officer, director or managing agent" of any of the corporations involved. There is no claim that the testimony of any of these persons was admissible under Rule 26(d) (1) or (3). Thus these examinations

2. 11 U.S.C.A. § 44(a): The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt: * * *.

3. Fed.R.Civ.P. 26(d) (2): The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.

**4**

were improperly admitted under federal evidentiary standards.[4]

 We do not know the dates on which some of the depositions were taken. But we do know that at least some were taken *prior* to the filing of the alter ego petition, and, assuming those to be otherwise admissible, they would not be admissible in a subsequent proceeding where the issues are not substantially the same and the interest of the party objecting *to their admission is not such as* would have induced a thorough testing of the alter ego question by cross-examination. See 5 J. Wigmore, Evidence, § 1387, at 83 (3d ed. 1940); 31A C.J.S. Evidence §§ 389–390, at p. 957–961 (1964); See also Charles H. Demarest, Inc. v. United States, 174 F.Supp. 380, 386 (C.C.P.A.1959) (same issues and parties necessary); Hertz v. Graham, 23 F.R.D. 17, 22 (S.D.N.Y.1958) (substantially same issues and interest sufficient to induce equally as thorough testing by cross-examination necessary). Cf. Roucher v. Traders & General Ins. Co., 235 F.2d 423, 424–425 (5th Cir. 1956).

 Alternatively appellee says the examinations were admissible under the rules of evidence of the State of Florida where this proceeding occurred, and hence under Rule 43·(a). But the Florida statute relied on, Fla.Stat.Ann. § 92.22 (1960), requires showing of a reason for non-appearance of the witness. No such showing was made as to any of these persons. It is unnecessary for us to consider questions of identity of issues and identity or privity of parties raised by the Florida statute.

The appellee does not suggest admissibility of the transcripts of testimony under any other federal statute or under rules heretofore applied in equity cases in the federal courts.[5]

At least one deposition taken under authority other than § 21(a) was admitted over objection. There may have been others, since counsel described the transcripts of previous testimony in various ways and not all the transcripts are before us. Their admissibility can be determined in the district court.

Because the case must be reversed for the reasons set out, we do not reach the issue of whether the evidence was sufficient to declare Flora Sun the alter ego of Aspic. The standards for such a determination have been articulated for this circuit in Maule Industries, Inc., v. Gerstel, 232 F.2d 294 (5th Cir. 1956).[6]

Reversed and remanded.

---

4. The § 21(a) testimony of appellant was offered and objected to but later the objections to it were withdrawn.

5. 11 U.S.C.A. § 502 does not answer the matter of admissibility.

6. Accord, Maley v. Carroll, 381 F.2d 147, 155 (5th Cir. 1967); Markow v. Alcock, 356 F.2d 194 (5th Cir. 1966); Gill v.

Phillips, 337 F.2d 258, 266 (5th Cir. 1964); South Falls Corp. v. Rochelle, 329 F.2d 611 (5th Cir. 1964); Fox Jewelry Co. v. Lee, 264 F.2d 720 (5th Cir. 1959), cert. denied 361 U.S. 815, 80 S.Ct. 55, 4 L.Ed.2d 62; see Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 218, 61 S.Ct. 904, 85 L.Ed. 1293 (1941).