In the Matter of **AMERICAN BONDED MORTGAGE CO., Inc., Bankrupt.**

**William CAHN, owner 100% of Capital Stock of Aspic Investments Corp., Appellant,**

v.

**John NICHOLAS, Trustee, Appellee.**

**No. 29801.**

United States Court of Appeals, Fifth Circuit.

Dec. 28, 1971.

Richard R. Booth, Aronovitz, Silver & Booth, Miami, Fla., for appellant.

William M. Manker, Thomas H. Wakefield, Robert W. Rust, U. S. Atty., Lavinia Redd, Michael Asmon, Asst. U. S. Attys., Miami, Fla., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson,, Atty., Dept. of Justice, Washington, D. C., Wakefield, Hewitt & Webster, Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and PHILLIPS[*] and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from the final orders of distribution and disbursement entered by the district court in this protracted[1] and complex bankruptcy case.

Litigation began on December 28, 1961, when an involuntary petition in bankruptcy was filed against American Bonded Mortgage Co., Inc., followed on February 12, 1962, by a Chapter X reorganization petition. Also in 1962, Chapter X petitions were filed naming Flora Sun Corporation and Aspic Investments Corporation. In 1965, the district court consolidated the three reorganizations for purposes of administration, although separate accountings were filed in each case throughout the reorganization proceedings.

The reorganization proceedings were terminated in February 1968,[2] and the three corporations were adjudicated as bankrupt. The district court then consolidated for all purposes the three cases in bankruptcy.

Appellant William H. Cahn was president of each of the three corporations involved in this action. He was sole stockholder of Aspic Investments, holder of all stock issued and outstanding of American Bonded, and principal stockholder of Flora Sun. On this appeal Cahn asserts that (1) as owner of 100% of the capital stock of Aspic Investments, he is an "aggrieved party" within the meaning of that term as used in § 25 of the Bankruptcy Act,[3] and (2) trustee Nicholas should be required to separately account for the funds in his hands from Aspic and use them only for payment of Aspic's creditors and administrative expenses.[4]

---

[*] Of the Tenth Circuit, sitting by designation.

1. It has been before this court on two prior occasions. See Cahn v. Nicholas, 376 F.2d 600 (5th Cir.), cert. den., 389 U.S. 824, 88 S.Ct. 58, 19 L.Ed.2d 77 (1967) ; Cahn v. Nicholas, 408 F.2d 1 (5th Cir., 1969).

2. Successor trustee Nicholas was discharged and his final accounts approved. The court subsequently appointed him receiver and then trustee in bankruptcy.

3. 11 U.S.C.A. § 48.

4. This court stated in a previous appeal that:
   "Aspic appears to be the only entity with any substantial assets that might be made available to the creditors of Flora Sun. Appellant is the owner of all the stock of Aspic and is one of its substantial creditors, and, therefore, desires that Aspic not share with Flora Sun such bounty as it has."
   Cahn v. Nicholas, 408 F.2d 1, 2–3 (5th Cir., 1969). The decision reversed and remanded an order by the district court declaring Flora Sun to be the alter ego of Aspic Investments, on grounds of inadmissibility of certain evidence. The district court then granted the trustee's motion to dismiss without prejudice his petition to declare the debtor corporations to be the alter ego of each other and of the stockholder, under Rule 41(a)(2), F.R.Civ.P.
   In his brief in the instant appeal, the gist of Cahn's argument is as follows:
   "It is impossible to state with any precision the extent to which the appellant has been aggrieved by the orders appealed from chiefly because the same person was the trustee of three corporations involved in lengthy Chapter X administrations followed by bankruptcies in each case and because, without

 The question of appellant Cahn's standing to bring this appeal was raised by appellee's motion to dismiss. The general rule in this circuit is that an aggrieved party under § 25 of the Bankruptcy Act is only one who has a direct and substantial interest in the question appealed from. Edell v. Di Piazza, 345 F.2d 336 (5th Cir., 1965); 2 Collier on Bankruptcy, § 25.08. See Wells v. Dickinson, 403 F.2d 635 (6th Cir., 1968).[5] Appellee Nicholas contends that Cahn, as a mere stockholder of the bankrupt corporations, has no interest in the distribution of the assets in the bankruptcy proceedings. Appellee additionally urges that the total aggregate funds in the hands of the trustee is only $27,000, whereas the claims filed in the Aspic proceedings alone total $1,390,114.32 (of which $1,122,000 are partially or wholly secured). These arguments are persuasive, but in the interest of putting an end to this litigation we decline to dispose of this case on the sole ground of standing.

 Instead we have carefully delved into the voluminous record on appeal, leading us to the conclusion that the district court did not err in his findings that the record of accountings filed by the trustee fully revealed the disposition of all funds coming into his hands and the uncontested status of claims and administrative expense,[6] and that the record indicated there is no equity for the stockholders of any of the three corporate bankrupts. We thus reject appellant's request that a separate accounting be ordered.

 We take note that due notice was given to all creditors of the three bankrupts of the final meeting of creditors, advising of the amount of funds on hand, the fees requested, and the amount and category of priority claims. A determination of priority claims and allowances was made in open court. No creditor objected at the hearing, nor have any appealed from the court's orders. There is not the slightest indication of unfairness or of an abuse of discretion in the district court's determinations.

Accordingly, the orders of the district court under review are affirmed.

---

any finding of an alter ego situation, the funds of Aspic, a corporation wholly owned by appellant, were used to pay the handsome fees doled out in the course of the administrations here under question."

5. In *Wells*, the appellants were the bankrupt and an unsecured creditor. Appellee contended that only the trustee had standing and that appellants were not aggrieved parties. The court stated:

"A bankrupt ordinarily has no interest in conflicts between the trustee in bankruptcy and creditors over the allowance of claims.

"An unsecured creditor ordinarily has no standing to appeal directly from an order allowing the claim of another unsecured creditor. The orderly administration of the bankrupt's estate requires that these matters be worked out through the trustee in bankruptcy, who represents all creditors, and the Bankruptcy Court." [Citations omitted.] 403 F.2d at 636.

6. In the first appeal to this court the order of the district court that various administrative expenses of the three corporate bankrupts be paid solely from Aspic's assets was affirmed. Cahn v. Nicholas, 376 F.2d 600 (5th Cir.), cert. den., 389 U.S. 824, 88 S.Ct. 58, 19 L.Ed.2d 77 (1967).