In re: The JULIEN COMPANY, Debtor.

Jack F. MARLOW; Bankers Trust Company, Appellants,

v.

ROLLINS COTTON COMPANY, Appellee.

Nos. 97–5027, 97–5029.

United States Court of Appeals, Sixth Circuit.

Argued May 1, 1998.

Decided July 14, 1998.

Kenneth S. Schrupp, Manier, Herod, Hollabaugh & Smith, Nashville, TN, for Jack F. Marlow in docket 97–5027.

Richard A. Rosen (argued), Paul, Weiss, Rifkind, Wharton & Garrison, New York

City, Robert E. Orians (briefed), Martin, Tate, Morrow & Marston, Memphis, TN, for Bankers Trust Company in docket 97–5027.

Thomas H. Fulton, Humphreys, Dunlap, Wellford, Acuff & Stanton, Memphis, TN, Allen I. Hirsch (argued and briefed), Debra G. Buster (briefed), Arnall, Golden & Gregory, Atlanta, GA, Jerome L. Kaplan (briefed), Macon, GA, for Rollins Cotton Company in docket 97–5027, 5029.

David Blaylock (briefed), Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, TN, Kenneth S. Schrupp, Manier, Herod, Hollabaugh & Smith, Nashville, TN, for Jack F. Marlow in docket 97–5029.

Before: MERRITT, NORRIS, and WALLACE,\* Circuit Judges.

## OPINION

WALLACE, Circuit Judge.

This appeal arises from an involuntary Chapter 11 bankruptcy petition and involves questions of first impression on timeliness of appeals and the meaning of "possession" in U.C.C. § 9–203(1). Jack F. Marlow, trustee in bankruptcy (Trustee) of the Julien Company (Julien), and Bankers Trust Company (Bankers Trust), a creditor of Julien, appeal from a district court order affirming the bankruptcy court. The bankruptcy court held that two pre-petition transfers to Rollins Cotton Company (Rollins) were not avoidable under 11 U.S.C. § 547(b) because Rollins held a perfected secured interest in Julien's uncertificated cotton receipts. Although our jurisdiction is disputed, we conclude we have jurisdiction and affirm in part and vacate and remand in part.

### I

■ We must first resolve whether we may properly exercise appellate jurisdiction. We can over all timely filed appeals from final district court judgments reviewing final bankruptcy court decisions. 28 U.S.C. § 158(d). Thus, we first address whether there was a final bankruptcy court judgment

and whether the appeal to this court was timely filed.

### A.

■ A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). In a May 6, 1994, opinion, the bankruptcy court rejected the Trustee's attempt to avoid allegedly preferential transfers made to Rollins. The Trustee and Bankers Trust argue that the bankruptcy court ignored its previous order to bifurcate the proceedings and to postpone a trial to determine the relative priority of Rollins' interest and Bankers Trust's interest. Thus, it could be argued that there is more left to be done in the bankruptcy court and therefore its judgment is not final.

While the Trustee and Bankers Trust argue that the court should have had a hearing before making findings on the priority of the security interests, they do not argue that the court did not make any findings on the priority issue. Indeed, the bankruptcy court did make such priority findings, stating that: "It would also appear from the facts before the Court that [Bankers Trust] knowingly subordinated its secured position in the blocked uncertificated cotton warehouse receipts to the temporary first lien position of Rollins. As previously noted, this does not seem to leave room for a future priority dispute between [Bankers Trust] and Rollins." We agree that the bankruptcy court did find that Rollins' security interest had priority. We shall address later whether or not the court could have appropriately made this finding, but a finding was made and the bankruptcy court's order was final.

### B.

We must next determine whether the appeal was timely filed. The district court order affirming the bankruptcy court was filed on October 31, 1996. Bankers Trust

---

\* Honorable J. Clifford Wallace, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

filed a notice of appeal on November 27, 1996, within the requisite 30 days. *See* Fed. R.App. P. 4(a)(1). The Trustee filed a notice of appeal on December 3, 1996, which was within 14 days of Bankers Trust's appeal, but not within 30 days of the judgment. Rollins argues that Bankers Trust's notice of appeal was void because Bankers Trust lacked standing to appeal. Rollins further contends that the Trustee's notice was untimely because it could not piggyback on a void appeal.

■ We first turn to Bankers Trust's standing. "To appeal from an order of the bankruptcy court, appellants must have been directly and adversely affected pecuniarily by the order. This principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order. Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal." *Fidelity Bank v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir.1996) (*Fidelity Bank* ) (citations omitted).

■ "Whether an appellant is a person aggrieved is a question of fact for the district court." *Id.* The district court did not make a finding here on whether Bankers Trust is or is not a person aggrieved. "Although the District Court did not consider whether appellants are persons aggrieved, the relevant facts and evidence are before us. Thus, we consider it proper to address the issue ourselves." *Id.*

■ The dispositive fact on this issue is that Bankers Trust is merely another creditor. "An unsecured creditor ordinarily has no standing to appeal directly from an order allowing the claim of another unsecured creditor. The orderly administration of the bankrupt's estate requires that these matters be worked out through the trustee in bankruptcy, who represents all creditors, and the Bankruptcy Court." *Wells v. Dickinson*, 403 F.2d 635, 636 (6th Cir.1968). Bankers Trust could not have brought the avoidance action, and was a party only because of a third-party complaint by Rollins. Bankers Trust's remedy was not to appeal directly, but to "move the court for an order requiring the trustee to appeal, or for permission to appeal if the trustee declines to do so." *Id. Wells* is controlling; as a creditor, Bankers Trust does not have standing to appeal without permission from the bankruptcy court.

■ Since Bankers Trust does not have standing, we must determine whether Bankers Trust's notice of appeal is voidable or void. If it is void, as Rollins argues, then the Trustee's notice of an appeal was not timely filed because it was not filed within 30 days of the judgment pursuant to Federal Rule of Appellate Procedure 4(a)(1). If Bankers Trust's notice of appeal is merely voidable, then the Trustee timely appealed under Rule 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed. . . ." Fed. R.App. P. 4(a)(3).

Rollins cites no cases holding that appeals made by parties without standing are void. We are persuaded by the language of Rule 4(a)(3). It refers to one "party." Certainly Bankers Trust was a party. It then refers to the party filing a "notice of appeal." This requires only that a notice of appeal be filed, not just a *valid* notice of appeal.

We hold that a notice of appeal filed by a party without standing is voidable and sufficient to trigger the 14–day extension of time for other parties to file. We therefore have jurisdiction over this appeal.

## II

■ The Trustee seeks avoidance of pre-petition transfers from Julien to Rollins as preferential because Rollins allegedly did not have a perfected secured interest at the time of the transfers on October 24 and October 26, 1989. The main issue on appeal is what constitutes "possession of a secured party" as used in U.C.C. § 9–203(1), as adopted in Tennessee Code Annotated § 47–9–203(1). We review district court and bankruptcy court determinations of law de novo, and uphold a bankruptcy court's factual findings unless clearly erroneous. *Investors Credit Corp. v. Batie*, 995 F.2d 85, 88 (6th Cir.1996).

Rollins financed Julien's purchase of approximately 65,000 bales of certificated cotton in July 1989. As security, Rollins took

possession of negotiable warehouse receipts for 62,000 certificated bales. Rollins did not have a written security agreement, but had an attached and perfected security interest at this point because it had possession of collateral, the negotiable receipts, pursuant to an agreement. *See* Tenn.Code Ann. § 47–9–203 (U.C.C. § 9–203).

In August 1989, while the loan from Rollins was still outstanding, Julien decided to decertificate the certificated cotton. Certificated cotton, or cotton classified by the federal government as tenderable on the New York futures market, accrues penalties after being certificated four months or longer. In order to decertificate the cotton and avoid the penalties, Julien needed to obtain physical possession of the certificated warehouse receipts held by Rollins.

Rollins gave Julien the certificated warehouse receipts in exchange for enough uncertificated cotton to secure the debt. The uncertificated cotton transferred to Rollins was held in a collateral pool, in which Julien's other lenders had a pro rata interest. L & S Cotton Systems, Inc. (L & S) acted as subcustodian of the pool and maintained the actual inventory in its possession. Rollins obtained two non-negotiable farmer's trust receipts from L & S representing 68,640 uncertificated warehouse receipts. Thus, at the time of Julien's payments to Rollins on the loan, Rollins had actual physical possession of neither cotton nor negotiable documents representing cotton. Although Rollins had possession of the farmer's trust receipts, L & S, as Rollins' bailee, had actual possession of both the cotton and the negotiable instruments.

The Trustee argues that because Rollins did not possess the collateral, Rollins' security interest did not attach under Tennessee Code Annotated § 47–9–203(1) (U.C.C. § 9–203(1)), which provides that "a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless ... the collateral is in the possession of the secured party pursuant to agreement."

The parties have been unable to provide us with a case discussing whether possession by a bailee can satisfy the requirement for attachment in U.C.C. § 9–203. Two courts have decided, without discussion, that such possession can create an attachment. *In re George B. Kerr, Inc.*, 25 B.R. 2, 7 (D.S.C.Bkrtcy.1981), *aff'd*, 696 F.2d 990 (4th Cir.1982); *Kruse, Kruse & Miklosko, Inc. v. Beedy*, 170 Ind.App. 373, 353 N.E.2d 514, 539 n. 13 (1976).

The Trustee contrasts the requirements for attachment with those for perfection of a security interest where "the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest." Tenn.Code Ann. § 47–9–305 (U.C.C. § 9–305). The Trustee argues that because the U.C.C. specifically allows for *perfection* by possession of a bailee with notice, but does not explicitly so allow for *attachment*, attachment cannot be created by possession by a bailee. The Trustee therefore concludes that Rollins, who "possessed" the collateral through a bailee, did not have an attached security interest.

Rollins responds that "possession" was intentionally left undefined by the U.C.C. to allow courts to consider situations such as the one in this case. *See* J. White & R. Summers, *U.C.C.* at 1012 (3d ed.1988). Rollins further argues that the comments to the code support an interpretation that "possession of the secured party" can include possession by the secured party's bailee. Rollins relies heavily on a comment to section 203: "[T]he agreement must be in writing unless the collateral is in the possession of the secured party (including an agent on his behalf—see Comment 2 to Section 9–305)." U.C.C. § 9–203, cmt. 1, adopted in Tenn. Code Ann. § 47–9–203.

The comment in the section on attachment thus includes possession by an agent and also refers to a comment in the section on perfection, which includes bailees. Comment 2 to section 9–305, which concerns perfection, states:

Possession may be by the secured party or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party.... Where the collateral (except for goods covered by

a negotiable document) is held by a bailee, the time of perfection of the security interest, under the second sentence of the section, is when the bailee receives notification of the secured party's interest. . . .

This section, argues Rollins, not only refers to a bailee, but also appears to presuppose that "possession by a secured party" can be by a secured party's bailee. This suggestion also appears in the text of U.C.C. § 9–305, which allows for perfection by a "secured party's taking possession of the collateral," and then states: "If such collateral . . . is held by a bailee. . : ." While the text of section 9–305 by its terms only applies to perfection, its reference to possession by a bailee as a subset of possession by a secured party is instructive as to the broad meaning of the word "possess."

 The cross-reference to this enlarged exposition of possession by an agent, including by bailees, reinforces the idea that "possession" was left intentionally undefined to allow courts to construe it in accordance with the common law. We therefore hold that possession by a bailee can be sufficient "possession" to satisfy U.C.C. § 9–203(1) and create attachment.

We do not hold that physical possession by a bailee is always sufficient to show "possession of the secured party," only that it *can* be sufficient to show the creditor's possession. In this case, the bankruptcy court carefully examined the indicia of control and notice and determined that possession by the bailee here was sufficient to satisfy the statute of frauds function of attachment and to show that the collateral was possessed by the secured party. The bankruptcy court's findings were not clearly erroneous.

### III

The Trustee's final argument is that the bankruptcy court did not give it a chance to present evidence on the relative priority of Bankers Trust's interests and Rollins' interest. The bankruptcy court issued a pretrial bifurcation order, reserving the issue of priority to the second phase of the trial. In its order holding that Rollins did have a perfect-ed security interest, however, the court proceeded to rule on priority as well.

"The fundamental elements of procedural due process are notice and an opportunity to be heard." *Yellow Freight Sys., Inc. v. Martin,* 954 F.2d 353, 357 (6th Cir.1992). We agree that the Trustee must have an opportunity to present evidence on the priority dispute. We therefore vacate the district court judgment and remand for further proceedings to resolve the priority dispute in the bankruptcy court. Each side will bear its own costs.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.