In re ELKINS WELDING
& CONSTRUCTION,
INC., Debtor.

Tom Parker, Plaintiff–Counter-
Defendant–Appellant,

v.

Elkins Welding & Construction,
Inc., Defendant–Appellee,

Lea County State Bank, Defendant–
Counter-Claimant–Third–Party

Plaintiff–Appellee,

v.

Oralia B. Franco, Trustee,Third–
Party Defendant.

BAP No. NM–00–062.
Bankruptcy No. 98–15031.
Adversary No. 99–1111.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Feb. 2, 2001.

Submitted on the briefs: *

* After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a).

James C. Hume of Law Office of George "Dave" Giddens, P.C., Albuquerque, New Mexico, for Plaintiff–Counter–Defendant–Appellant Tom Parker.

James A. Askew of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendant–Counter–Claimant–Third Party Plaintiff–Appellee Lea County State Bank.

Before CLARK, BOHANON, and ROBINSON, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

Tom Parker ("Parker") appeals from a Memorandum Opinion, Order and Judgment of the United States Bankruptcy Court for the District of New Mexico denying his motion for summary judgment and granting the motion for summary judgment of Lea County State Bank ("Lea"). For the reasons set forth below, we AFFIRM the bankruptcy court.

## I. *Background*

On August 3, 1998, the debtor entered into an Auction Agreement with Parker–Braden Auctions ("PB"), under which PB was to sell the debtor's equipment, including at least nine trucks or trailers ("Vehicles") at an auction to be conducted in October 1998. The Auction Agreement expressly required the debtor to deliver the Vehicles to PB for sale.

At the same time, Parker, one of the principals in PB, also personally advanced the debtor $35,000. Parker alleges that this advance was secured by the Vehicles, but the parties did not enter into a written security agreement. Rather, on the same day that Parker made the advance, the debtor allowed Parker's name to be noted on the Vehicles' titles by the New Mexico Department of Motor Vehicles. The debtor then delivered the equipment, including the Vehicles, to property owned by Parker on which PB is located.

On August 7, 1998, Lea obtained a judicial lien against the debtor in a state court action, and on August 10, 1998, a writ of attachment was served on the debtor.

On August 13, 1998, the debtor sought relief under Chapter 11 of the Bankruptcy Code. The bankruptcy court entered an order approving the debtor's application to employ PB to liquidate certain assets, and then later it entered an order granting the debtor's motion for approval to sell the assets outside of the ordinary course of business and free and clear of liens ("Sale Order"). PB sold the assets approved for sale, including the Vehicles. In accordance with the terms of the Sale Order, the sale proceeds were held in trust, disbursement being allowed only upon notice and approval of, among others, the debtor and Lea.

Parker then commenced an action against the debtor and Lea, seeking a determination as to the validity, priority and extent of his lien in the Vehicles, and the proceeds of sale therefrom. After the debtor's Chapter 11 case was converted to a case under Chapter 7, Lea filed a third party complaint against the Chapter 7 trustee. Lea also filed an answer and counterclaim against Parker, asserting that its lien in the Vehicles was superior to that held by Parker, Parker's lien was avoidable under 11 U.S.C. § 544(a)(1), and the trustee may have an interest in the Vehicles.

Parker and Lea filed cross motions for summary judgment. The bankruptcy court entered a Memorandum Opinion and an Order granting Parker's motion for summary judgment and denying Lea's motion, holding that Parker perfected his interest in the Vehicles as a matter of law under N.M. Stat. Ann. § 66–3–202(B) when his name was noted on the titles. The bankruptcy court did not address, however, whether Parker's interest in the Vehicles attached.

The case is therefore submitted without oral argument.

.

In *Parker v. Elkins Welding & Construction, Inc. (In re Elkins Welding & Construction, Inc.)*, BAP No. NM–00–004 (10th Cir. BAP May 17, 2000) (*"Elkins I"*), this Court reversed the bankruptcy court, holding that there could be no perfection of Parker's interest in the Vehicles if his interest did not attach. Absent a written security agreement, the only way that Parker's interest could attach was by his possession of the Vehicles. We remanded the case to the bankruptcy court to determine if Parker's interest in the Vehicles attached by way of possession.

On remand, the bankruptcy court entered a Memorandum Opinion and Order and Judgment granting summary judgment in favor of Lea. It held that the debtor's delivery of the Vehicles to property owned by Parker and on which PB is located was insufficient for attachment by possession under New Mexico law and, therefore, Parker's interest in the Vehicles was unperfected and of lesser priority than Lea's perfected interest. The bankruptcy court stated:

> The equipment was delivered to 4303 National Parks Hwy., Carlsbad, New Mexico. Although the property is owned by [Parker], the issue of possession arises because [PB] is also located at that address. Equipment delivered to [PB] cannot be equipment delivered to [Parker] as it relates to this adversary proceeding because delivery to one who is controlled by the Debtor does not meet the requirements of putting the public on notice that the Debtor no longer has possession or control over the collateral. *See* NMSA § 55–9–305, Official Comment 2. ("Possession may be by the secured party himself or by an agent on his behalf; it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party.")
>
> It is undisputed that [PB] was an agent of the Debtor because Debtor had retained [PB] to auction the equipment. [PB] also filed a claim for administrative expenses incurred as a result of storing the equipment for the Debtor. Moreover, [PB] asserts ownership and maintenance of the facility and yard. Any notice to the public that the equipment was not in the control of the Debtor would be negated by the apparent notice that the equipment was in the control of Debtor's agent-the auctioneer hired to sell the equipment.

Memorandum Opinion, Appellant's Appendix at 167–68.

Parker timely appealed the bankruptcy court's final Memorandum Opinion and Order and Judgement to this Court, and the parties have consented to this Court's jurisdiction by failing to elect to have this appeal heard by the United States District Court for the District of New Mexico. *See* 28 U.S.C. § 158(a)(1) & (c)(1); Fed. R. Bankr.P. 8001–8002; 10th Cir. BAP L.R. 8001–1.

## II. *Standard of Review*

In reviewing orders on summary judgment motions, the Tenth Circuit has stated:

> "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the [trial] court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the [trial] court."

*Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (quoting *Wolf v. Prudential Ins.*

*Co. of America,* 50 F.3d 793, 796 (10th Cir.1995) (further citations omitted)).

■ The parties do not dispute that the matter was properly disposed of by the bankruptcy court on summary judgment. The issue is whether the bankruptcy court erred in applying New Mexico law. The Court therefore reviews this matter *de novo.*

## III. *Discussion*

■ The only issue in this case is whether the bankruptcy court erred in determining that Parker's alleged interest in the Vehicles did not attach by way of possession. We conclude that the bankruptcy court did not err.

Attachment of a security agreement in the Vehicles is governed by § 55–9–203 of New Mexico's Commercial Code, which adopts § 9–203 of the Uniform Commercial Code ("UCC"). Under § 55–9–203, absent a written security agreement, Parker's security interest in the Vehicles could have attached only if the Vehicles were in the "possession of the secured party pursuant to agreement...." N.M. Stat. Ann. § 55–9–203(1)(a). The word possession is not defined, but the Official Comment to § 55–9–203 states that possession may be by an agent on the secured party's behalf. N.M. Stat. Ann. § 55–9–203, Official Comment 1. *Accord, In re Julien Co.,* 146 F.3d 420, 424–25 (6th Cir.1998) (applying Tennessee law, which adopts UCC § 9–203); *In re Hryniewicz,* 222 B.R. 14, 18 & n. 7 (Bankr.D.Conn.1998) (applying Connecticut law, which adopts UCC § 9–203); *Hodges v. Anderson (In re George B. Kerr, Inc.),* 25 B.R. 2, 7 (Bankr.D.S.C.1981) (ap-

plying South Carolina law, which adopts UCC § 9–203), *aff'd without opinion,* 696 F.2d 990 (4th Cir.1982). Relying on this Comment, Parker maintains that his interest in the Vehicles attached by way of possession, because the debtor delivered the Vehicles to land owned by him and on which PB is located. PB, Parker argues, possessed the Vehicles as *his* agent.

■ If we were to read the Comment to § 55–9–203 as Parker does, we would agree that he possessed the Vehicles for purposes of attachment. Parker's reading of the Comment, however, wholly excludes the express cross-reference therein to Official Comment 2 to N.M. Stat. Ann. § 55–9–305, a section dealing with the perfection of a security interest by possession. This Comment, which is quoted by the bankruptcy court, provides: "Possession may be by the secured party himself or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." N.M. Stat. Ann. § 55–9–305, Official Comment 2.[1] Under this Comment, incorporated by reference in the Official Comments to § 55–9–203, possession, whether it be for purposes of attachment or perfection, may not be by a debtor or by a debtor's agent. *See Julien,* 146 F.3d at 425 (relying on UCC § 9–305 and the Comment thereto to support its holding that possession by an agent is authorized under UCC § 9–203(1)(a)). Since it is uncontested that PB served as the debtor's agent, it could not serve as Parker's agent for purposes of possession under § 55–9–203(1)(a).

---

1. This sentence is followed by a cross-reference to the last sentence in § 55–9–205 which reads: "This section [related to a debtor's use or disposition of collateral] does not relax the requirements of possession where perfection of a security interest depends upon possession of the collateral by the secured party or by a bailee." N.M. Stat. Ann. § 55–9–205, *referenced in* N.M. Stat. Ann. § 55–9–305, Official Comment 2. The Official Comment to § 55–9–205 states: "This last sentence is added to make clear that the section does not mean

that the holder of an unfiled security interest, whose perfection depends on possession of the collateral by the secured party or by a bailee ... can allow the debtor access to and control over the goods without thereby losing his perfected interest." N.M. Stat. Ann. § 55–9–205, Official Comment 6. While this statement again refers to perfection, it serves to emphasize that a secured party's possession under the UCC must be wholly exclusive of the debtor.

Parker contends that Comment 2 of § 55–9–305 should be limited to cases related to perfection by possession, and it should not be extended to cases under § 55–9–203(1)(a) dealing with attachment by possession. He argues that the reasons for possession by a nondebtor agent are more compelling in instances of perfection where possession is necessary to put third-parties on notice of a security interest. We do not accept this argument.

As noted above, Official Comment 1 to § 55–9–203 expressly refers to and incorporates by reference Comment 2 of § 55–9–305, and this reference has been relied on to support a finding of attachment where collateral is in the possession of a secured party's agent. *See, e.g., Julien*, 146 F.3d at 424–25. In addition, the nondebtor agent limitation on possession is in accord with the evidentiary purpose behind the formal elements of attachment. N.M. Stat. Ann. § 55–9–203, Official Comment 3 (The requirements of attachment are evidentiary in nature). Specifically, "[w]here the collateral in question is in the possession of the secured party, the evidentiary need for a written record [*i.e.*, a written and signed security agreement] is much less than where the collateral is in the debtor's possession[.]" *Id.; see Julien*, 146 F.3d at 425 (recognizing that possession by a bailee was sufficient to satisfy the "statute of frauds function of attachment ... "). If, therefore, the collateral is possessed by a agent of the debtor, as in this case, the evidentiary purpose of possession is considerably undermined-we cannot be certain that Parker has a security interest in the Vehicles inasmuch as the debtor, through its agent, retains control of the Vehicles. While we recognize, as we did in *Elkins I*, that attachment and perfection are distinct concepts, *see Transport Equip. Co. v. Guaranty State Bank*, 518 F.2d 377, 382 (10th Cir. 1975), limiting possession of collateral to nondebtor agents in both contexts is reasonable because it aids the evidentiary purposes of attachment and the third-party notice purposes of perfection.

Applying this law, the bankruptcy court must be affirmed because there was no attachment of Parker's interest in the Vehicles by way of possession as required under § 55–9–203(1)(a). It is undisputed that the Vehicles were delivered to property owned by Parker and on which PB is located. There is nothing in the record indicating to whom the debtor intended to deliver the Vehicles. But, if the debtor delivered the Vehicles to PB as required by the Auction Agreement, there was no attachment because it did not deliver the Vehicles to Parker as expressly required under § 55–9–203(1)(a). In this instance, the debtor delivered the Vehicles to PB as *its* agent, not Parker's agent. If, as argued by Parker, the Vehicles were delivered to Parker and Parker entrusted them to PB as *his* agent, there also was no attachment by possession under § 55–9–203(1)(a) due to PB's uncontested dual agency for Parker and the debtor.

Absent attachment, Parker could not perfect his interest in the Vehicles. As such, Lea's interest in the Vehicles and the sale proceeds therefrom is superior to Parker's interest, and the bankruptcy court did not err in granting summary judgment in favor of Lea.

## IV. *Conclusion*

For the reasons stated, the bankruptcy court's Order and Judgment is AFFIRMED.